Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

2012 SEP -7 PM 4: 13

CLERK OF COURT

BY

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | ) | CASE NO. CF0681-11 |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER ON** |
| | ) | **DEFENDANT'S MOTION TO DISMISS** |
| DANIEL T. SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on July 3, 2012, on Defendant's Motion to Dismiss. Attorney Terrance A. Long represented Defendant, Daniel T. Sanchez. Assistant Attorney General James C. Collins represented the People of Guam. Following the hearing, the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Defendant's motion is based solely on the procedural history of this case. Defendant was indicted on December 7, 2011 on one charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). On the same day, the Court issued a Summons for Defendant to appear at an arraignment hearing on December 28, 2011. Defendant was not personally served a copy of the Summons and did not appear in court on December 28, 2011. On this date, the Magistrate Judge did, however, determine that the Deputy Marshal had made reasonable and diligent attempts to serve the Defendant with a copy of the Summons and recommended that a Bench Warrant be issued. Thereafter, this Court issued a Bench Warrant for

Defendant's arrest based on Defendant's failure to appear for the scheduled arraignment hearing on December 28, 2011.

Defendant was arrested on March 23, 2012 and brought before the Court on a return of the warrant at which time the Court remanded Defendant into the custody of the Department of Corrections. On March 28, 2012, Defendant was brought before this Court for his First Appearance. However, Defendant was unrepresented and so this Court appointed counsel and continued Defendant's arraignment hearing. Defendant was arraigned on April 4, 2012. Defendant filed the present motion to dismiss on May 14, 2012, arguing that the extended delay between the filing of the indictment and Defendant's arraignment requires dismissal of the indictment. This Court finds that the dismissal is not proper in this instance and there was good cause for the delay.

## DISCUSSION

Once the prosecution files an indictment or complaint against a Defendant, Guam law requires that the Defendant be promptly arraigned. 9 GUAM CODE ANN. § 60.10(a) (2005). In *People v. Rasauo (Rasauo II)*, 2011 Guam 14, the Guam Supreme Court, interpreting Guam's prompt arraignment statute, held that "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo II*, 2011 Guam 14 ¶ 14. The Court emphasized "that compliance with this new standard continues to require a case by case analysis of whether or not the 'specific circumstances' of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." *Id.* (citing *People v. Rasauo*, 2011 Guam 1 ¶ 52).

In his motion to dismiss, Defendant asserts that his arraignment, held on April 4, 2012, occurred 110 days after the prosecution filed the indictment against Defendant on December 7, 2011. Defendant argues that dismissal is appropriate unless the People can show good cause for the delay. In response, the People emphasize that a summons requiring Defendant's appearance at an arraignment hearing on December 28, 2011 was requested and issued well-within the

allotted sixty days. Defendant, however, did not appear at the hearing and was not available to be arraigned until after the date in late March when he first appeared in court on a return of warrant. Therefore, the People argue that good cause exists due to Defendant's own failure to attend the hearing scheduled for December 28, 2011.

In determining whether good cause exists for an arraignment delay, this Court finds guidance in the principles governing delays in a speedy trial context. Generally, dismissal of a criminal case due to a speedy trial delay is not appropriate where the delay is attributable to, or otherwise benefits the defendant. *See Guam v. Flores*, 2009 Guam 22 ¶ 32; *People v. Johnson*, 606 P.2d 738, 746 (Cal. Ct. App. 1980) (noting general acceptance by courts that delay caused by conduct of defendant or delay for defendant's benefit constitute good cause); *see also Maguire v. United States*, 396 F.2d 327, 329 (9th Cir. 1968) (finding no speedy trial violation where delay was due to defendant's failure to appear at initial arraignment, his filing of motion for change of venue, and his request for a continuance to study for trial); *United States v. Stafford*, 697 F.2d 1368, 1375 (11th Cir. 1983) (delay caused by defendant's failure to appear at a hearing before the Magistrate Judge tolled the speedy trial clock). Moreover, in Guam, dismissal is expressly precluded by statute where a speedy trial delay is caused by defendant's failure to appear for the trial: Title 8, section 80.60(b)(2) of the Guam Code provides that a criminal action shall not be dismissed for a speedy trial violation if "[t]he defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court...."

This Court finds no reason to treat a defendant's failure to appear at a timely-scheduled arraignment hearing any differently than it would treat a defendant's failure to appear at his timely-scheduled trial. Thus, provided that a defendant who misses his original arraignment date is arraigned in due course once he is finally brought before the court, any initial delay

attributable to the defendant will not support dismissal. In this case, Defendant's first appearance and arraignment were scheduled for December 28, 2011, well-within the allotted prompt arraignment deadline. The only reason the arraignment did not occur on this date was Defendant's failure to appear at the hearing. And though this Court issued a Bench warrant for Defendant's arrest on January 4, 2012, Defendant was not apprehended and brought before the Court until March 23, 2012. This Court then scheduled an arraignment hearing for March 28, though that hearing was continued until April 4, 2012, to allow Defendant time to meet with his appointed counsel. Thus, just twelve days passed between the Defendant's initial appearance and his arraignment. This Court finds that the delay between the filing of charges and Defendant's arraignment was due in large part to Defendant's failure to appear at the original timely-scheduled arraignment hearing and that Defendant was promptly arraigned following his first appearance before this Court.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is DENIED. A trial setting is scheduled for October 2, 2012 at 2 p.m.

It is **SO ORDERED** this 7th day of September, 2012.

SEP 07 2012

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

SEP 07 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

*ORIGINAL*